LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

LAW OFFICE OF SHARON J.
BRUNNER
Sharon J. Brunner, Esq. (SBN: 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997, Fax: (760) 843-8155

LAW OFFICE OF JAMES S.
TERRELL
James S. Terrell, Esq. (SBN: 170409)
Email:  jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850
Fax: (760) 952-1085

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON KING,<br><br>             Plaintiff,<br><br>       vs.<br><br>CITY OF FONTANA; CHRIS TUSANT and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 5:20-cv-1071<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2.  Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3.  Municipal Liability – Ratification (42 U.S.C. § 1983)<br>4.  Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5.  Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>6.  Battery<br>7.  Negligence<br>8.  Bane Act (Cal. Civil Code 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

**COMPLAINT FOR DAMAGES**

DEVON KING brings this Complaint against Defendants CITY OF FONTANA, CHRIS TUSANT, and DOES 1-10, inclusive, and hereby alleges as follows:

**INTRODUCTION**

1.     This civil rights and state tort action seeks compensatory and punitive damages for serious physical injuries sustained by Plaintiff DEVON KING ("KING" or "Plaintiff") as a result of force used against him by City of Fontana Police Department Sergeant CHRIS TUSANT ("TUSANT") on May 14, 2019. The shooting was excessive and unreasonable because KING posed no immediate threat of death or serious bodily injury to any person and was unarmed at the time of TUSANT's use of deadly force against him. As a result of TUSANT's use of deadly force, KING endured pain and suffering and sustained serious physical injuries. KING also experienced and continues to experience emotional distress from the physical injuries. Also, as a result of the shooting, KING has incurred medical expenses, has lost earnings, has suffered a reduced earning capacity, and expects to incur future medical expenses and lose future earnings.

**JURISDICTION AND VENUE**

2.     This case arises under 42 U.S.C. § 1983 and 1988 as well as California law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of Fontana, California.

## PARTIES

4.     At all relevant times, Plaintiff DEVON KING was and is an individual residing in the City of Fontana, California.

5.     At all relevant times, Defendant CITY of Fontana ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fontana Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Fontana Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, the CITY was the employer of Defendants TUSANT, DOE OFFICERS, and SUPERVISORY DOES.

6.     Defendant CHRIS TUSANT ("TUSANT") is a police officer working for the City of Fontana Police Department at the time of this incident.  TUSANT was acting under color of law within the course and scope of his employment with the CITY of Fontana and its Police Department when he shot Plaintiff KING on May 14, 2019.  TUSANT was acting with the complete authority and ratification of his principal, Defendant CITY at all relevant times.

7.     Defendants DOES 1 – 5 ("DOE OFFICERS") are police officers working for the Fontana Police Department at the time of this incident.  DOE OFFICERS were acting under color of law within the course and scope of their employment with the Fontana Police Department at all relevant times.  DOE OFFICERS were acting with the complete authority and ratification of his principal, Defendant CITY at all relevant times.

8.     Defendants DOES 6 – 10 ("SUPERVISORY DOES") are managerial, supervisorial, and policymaking employees of the Fontana Police Department, who

-3-

at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Fontana Police Department.  SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

9.    On information and belief, at all relevant times DOES 1-10 were residents of the County of Fontana.

10.    In doing the acts and failing and omitting to act as hereinafter described, TUSANT was acting on the implied and actual permission and consent of SUPERVISORY DOES and the CITY.

11.    In doing the acts and failing and omitting to act as hereinafter described, Defendants SUPERVISORY DOES were acting on the implied and actual permission and consent of the CITY.

12.    The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

14.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

COMPLAINT FOR DAMAGES

15.    All Defendants who are natural persons, including DOES 1-10, are sued individually and in their official capacities as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Fontana Police Department.

16.    Plaintiff suffered injuries as a direct and proximate result of the actions of TUSANT.  TUSANT is directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

17.    Defendants CITY and SUPERVISORY DOES are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

18.    On November 12, 2019, Plaintiff filed comprehensive and timely claims for damages with the City of Fontana pursuant to applicable sections of the California Government Code.

19.    On November 25, 2019, the City of Fontana denied said claim.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.    On May 14, 2019, at approximately 11:00 p.m., near Jurupa Avenue and Cypress Avenue in the City of Fontana, TUSANT and DOE OFFICERS performed a traffic stop on a vehicle occupied by KING.  During the traffic stop, KING, who was a passenger in the back seat of the vehicle, exited the vehicle and ran away on foot.  TUSANT pursued KING on foot.  As KING was running away from the police, he had a gun on him and he tossed the gun. After KING dropped the gun and was visibly unarmed, TUSANT fired four shots at KING when KING

did not present an immediate threat of death or serious bodily injury.  KING was struck by gunfire in the back of his legs.

22.     The shooting was excessive and objectively unreasonable and contrary to basic police officer training because KING posed no immediate threat of death or serious bodily injury to any person at the time of the shooting.  KING was unarmed at the time of the shooting.  TUSANT did not exhaust all reasonable alternative measures prior to shooting. TUSANT failed to give a warning that deadly force was going to be used prior to shooting, despite it being feasible to do so.

23.     At the time of the shooting, TUSANT was using the tac light on his gun.

24.     TUSANT showed no reverence for human life.  As KING lay bleeding on the ground, TUSANT handcuffed KING.

25.     After the shooting, KING was denied prompt medical attention while he lay bleeding profusely and in pain on the ground.  The delay of medical care to Plaintiff caused him extreme physical and emotional pain and suffering and contributed to his damages.

26.     As a result of the shooting, Plaintiff sustained serious physical injuries and has incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses.  Also as a result of this incident, Plaintiff has endured pain and suffering and emotional and mental distress stemming from the physical injuries.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Plaintiff brings this claim against TUSANT)

27.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.    TUSANT used excessive and unreasonable force when he shot KING multiple times when there was no immediate defense of life situation. Defendant TUSANT's unjustified shooting deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.    On May 14, 2019, at approximately 11:00 p.m., near Jurupa Avenue and Cypress Avenue in the City of Fontana, TUSANT and DOE OFFICERS performed a traffic stop on a vehicle occupied by KING.  During the traffic stop, KING, who was a passenger in the back seat of the vehicle, exited the vehicle and ran away on foot.  TUSANT pursued KING on foot.  As KING was running away from the police, he had a gun on him and he tossed the gun.  After KING dropped the gun and was visibly unarmed, TUSANT fired four shots at KING without justification.  KING was struck by gunfire in the back of his legs. At the time of the shooting, KING did not pose an immediate threat of death or serious bodily injury to anyone.

30.    The shooting was excessive and objectively unreasonable and contrary to basic police officer training because KING posed no immediate threat of death or serious bodily injury to any person at the time of the shooting.  KING was unarmed at the time of the shooting.

31.    TUSANT did not exhaust all reasonable alternative measures prior to shooting, and TUSANT showed no reverence for human life when he shot KING. TUSANT failed to give a warning that deadly force was going to be used prior to shooting, despite it being feasible to do so.

32.    Plaintiff suffered serious and permanent physical injuries as a result of the shooting.

33.    At all relevant times, TUSANT was acting under color of state law.

34.    As a result of his misconduct as described above, Defendant TUSANT is liable for Plaintiff's injuries.

35.    The conduct of TUSANT was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to TUSANT.

36.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

(Plaintiff brings this claim against TUSANT)

37.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.    After the shooting, KING was denied prompt medical attention while he lay bleeding profusely and in pain on the ground.  The delay of medical care to Plaintiff caused him extreme physical and emotional pain and suffering and contributed to his damages.

39.     The denial of medical care by TUSANT deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     The delay in medical attention contributed to KING's pain and suffering and was a contributing cause of KING's injuries and his mental and emotional distress.

41.     TUSANT knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

42.     The conduct of TUSANT was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to TUSANT.

43.     At all relevant times, TUSANT was acting under color of state law.

44.     As a result of his misconduct, TUSANT is liable for Plaintiff's injuries.

45.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiff brings this claim against Defendants CITY and SUPERVISORY DOES)

46.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     At all relevant times, TUSANT was acting under color of state law.

48.     The acts of TUSANT as described above, including shooting Plaintiff, deprived Plaintiff of his rights under the United States Constitution.

49.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of TUSANT, ratified (or will ratify) Defendant TUSANT's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant TUSANT's acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

50.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of TUSANT were "within policy."

51.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks costs and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Plaintiff brings this claim against Defendants CITY and SUPERVISORY DOES)

52.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.    At all relevant times, TUSANT was acting under color of state law.

54.    The acts of TUSANT deprived Plaintiff of his rights under the United States Constitution.

55.    The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

56.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.  Specifically, the CITY failed to adequately train TUSANT with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

57.     The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiff's rights by TUSANT; that is, the CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

58.     By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.  Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

59.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants CITY and SUPERVISORY DOES)

60.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    At all relevant times, TUSANT was acting under color of state law.

62.    When TUSANT detained and arrested Plaintiff, shot him multiple times, and then denied him timely medical attention, he acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY.

63.    On information and belief, TUSANT was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest and shooting of Plaintiff.

64.    Defendants CITY and SUPERVISORY DOES, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force, including excessive deadly force;

(b)    Providing inadequate training regarding the use of deadly force;

(c)    Employing and retaining as officers individuals such as TUSANT, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including TUSANT, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, TUSANT;

(f)    Failing to adequately discipline CITY officers for the above-referenced categories of misconduct, including "slaps on the

1    wrist," discipline that is so slight as to be out of proportion to the

2    magnitude of the misconduct, and other inadequate discipline

3    that is tantamount to encouraging misconduct;

4    (g)   Announcing that unjustified shootings are "within policy,"

5    including shootings that were later determined in court to be

6    unconstitutional;

7    (h)   Even where shootings are determined in court to be

8    unconstitutional, refusing to discipline, terminate, or retrain the

9    officers involved;

10   (i)   Encouraging, accommodating, or facilitating a "blue code of

11   silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

12   or simply "code of silence," pursuant to which police officers do

13   not report other officers' errors, misconduct, or crimes. Pursuant

14   to this code of silence, if questioned about an incident of

15   misconduct involving another officer, while following the code,

16   the officer being questioned will claim ignorance of the other

17   officers' wrongdoing;

18   (j)   Maintaining a policy of inaction and an attitude of indifference

19   towards soaring numbers of police shootings, including by

20   failing to discipline, retrain, investigate, terminate, and

21   recommend officers for criminal prosecution who participate in

22   shootings of unarmed people.

23   65.   By reason of the aforementioned acts and omissions, Plaintiff suffered

24   serious bodily injury, humiliation, pain and suffering, disfigurement, and past and

25   future emotional and mental distress, and financial loss.

26   66.   Defendants CITY and SUPERVISORY DOES, together with various

27   other officials, whether named or unnamed, had either actual or constructive

28   knowledge of the deficient policies, practices and customs alleged in the paragraphs

-13-

above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

67.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and SUPERVISORY DOES acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and SUPERVISORY DOES were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

68.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the Fontana Police Department.  The following cases, without limitation, are examples of continued misconduct by police officers working for the Fontana Police Department:

69.    Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

70.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

//

//

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff brings this claim against Defendants CITY, TUSANT, and DOE OFFICERS)

71.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.     At all relevant times, TUSANT was working as a police officer for the Fontana Police Department and was acting within the course and scope of his duties as a police officer for the CITY.

73.     On May 14, 2019, at approximately 11:00 p.m., near Jurupa Avenue and Cypress Avenue in the City of Fontana, TUSANT and DOE OFFICERS performed a traffic stop on a vehicle occupied by KING.  During the traffic stop, KING, who was a passenger in the back seat of the vehicle, exited the vehicle and ran away on foot.  TUSANT pursued KING on foot.  As KING was running away from the police, he had a gun on him and he tossed the gun. After KING dropped the gun and was visibly unarmed, TUSANT fired four shots at KING without justification.  KING was struck by gunfire in the back of his legs.  KING was unarmed at the time he was shot and did not pose an immediate threat of death or serious bodily injury to anyone.

74.     The shooting was excessive and objectively unreasonable and contrary to basic police officer training because KING posed no immediate threat of death or serious bodily injury to any person at the time of the shooting.  KING was unarmed at the time of the shooting.  TUSANT did not exhaust all reasonable alternative measures prior to shooting. TUSANT failed to give a warning that deadly force was going to be used prior to shooting, despite it being feasible to do so.

75.     As a direct and proximate result of the conduct of TUSANT as alleged above, Plaintiff suffered serious and permanent physical injuries.

COMPLAINT FOR DAMAGES

76.    The CITY is vicariously liable for the wrongful acts of Defendants TUSANT and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77.    The conduct of TUSANT was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

78.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff brings this claim against all Defendants)

79.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.    The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)    TUSANT's failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff;

(b)    TUSANT's negligent tactics and handling of the situation with Plaintiff, including pre-shooting negligence;

(c)   TUSANT's negligent detention, arrest, and use of force,
including deadly force, against Plaintiff;

(d)   TUSANT's failure to provide prompt medical care to Plaintiff,

(e)   the CITY's failure to properly train and supervise employees,
both professional and non-professional, including TUSANT;

(f)   the CITY's failure to ensure that adequate numbers of employees
with appropriate education and training were available to meet
the needs of and protect the rights of Plaintiff.

81.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered past and future financial loss, serious and permanent physical injuries, and past and future emotional and mental distress.

82.   The CITY is vicariously liable for the wrongful acts of TUSANT and Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.   Plaintiff brings this claim in his individual capacity and seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, and disfigurement.

//

//

//

//

//

//

COMPLAINT FOR DAMAGES

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Plaintiff brings this claim against CITY and TUSANT)

84.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

86.     TUSANT, while working for the CITY and acting within the course and scope of his duties as a police officer, intentionally committed and attempted to commit acts of violence against Plaintiff and also acted with a reckless disregard for Plaintiff's civil rights, including by shooting him without justification or excuse, detaining him without reasonable suspicion and arresting him without probable cause, and by denying him timely medical care.

87.     When TUSANT shot Plaintiff multiple times, including shots to the back of his legs, and allowed him to lie bleeding on the ground while he handcuffed Plaintiff, he interfered with his civil rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

88.     On information and belief, TUSANT intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

89.     On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by TUSANT were intended to discourage him from

exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

90.　　TUSANT interfered with the above civil rights of Plaintiff, including his right to be free from excessive force, and acted with a reckless disregard for these rights when he shot him while he was unarmed.

91.　　The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

92.　　The CITY is vicariously liable for the wrongful acts of TUSANT pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.　　Defendants SUPERVISORY DOES are vicariously liable under California law and the doctrine of *respondeat superior*.

94.　　TUSANT's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to TUSANT.

95.　　Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 as to this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DEVON KING, requests entry of judgment in his favor and against Defendants the City of Fontana, Chris Tusant, and Does 1-10, inclusive, as follows:

      A.    For compensatory damages in an amount to be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and past and future mental and emotional distress;

      B.    For punitive damages against Defendant Tusant in an amount to be proven at trial;

      C.    For interest;

      D.    For reasonable costs of this suit and attorneys' fees; and

      E.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  May 21, 2020      LAW OFFICES OF DALE K. GALIPO
                              LAW OFFICE OF JAMES S. TERRELL
                              LAW OFFICE OF SHARON J. BRUNNER


                              By_____*s/ Dale K. Galipo*_____
                              Dale K. Galipo
                              James S. Terrell
                              Sharon J. Brunner
                              Attorneys for Plaintiff

1   **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiff hereby demands a trial by jury.

3

4   DATED:  May 21, 2020          LAW OFFICES OF DALE K. GALIPO
                                  LAW OFFICE OF JAMES S. TERRELL
5                                 LAW OFFICE OF SHARON J. BRUNNER

6

7                              By_____*s/ Dale K. Galipo*_____

8                                 Dale K. Galipo
                                  James S. Terrell
9                                 Sharon J. Brunner
                                  Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               COMPLAINT FOR DAMAGES