1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| Devon King, | ) | Case ED CV 20-01071-ODW(SHKx) |
|  | ) | |
|  | ) | SCHEDULING MEETING OF |
|  | ) | COUNSEL |
|  | ) | [FRCP 16, 26(f)] |
|  | ) | |
|  | ) | SCHEDULING CONFERENCE |
| Plaintiff(s), | ) | set for **September 28, 2020 at 1:30 p.m.** |
| v. | ) | [FRCP 26(f)] |
|  | ) | |
| City of Fontana et al., | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| Defendant(s). | ) | |

_____

This case has been assigned to the calendar of United States District Judge Otis D. Wright II.  The responsibility for the progress of litigation in the federal courts falls not only upon the attorneys in the action, but upon the court as well.

In order "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P.  1, all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

1  Counsel please note the changes made to former Local Rule 6, now superseded by

2  Federal Rules of Civil Procedure 16 and 26(f), effective December 1, 2000.  A

3  Scheduling Conference is set for the date and time set forth in the caption.[1]

4  Counsel shall meet at least 21 days in advance of the Scheduling Conference to

5  prepare a jointly signed report for the court to be submitted no less than 7 days

6  before the Scheduling Conference.  *See* Fed. R. Civ. P. 26(f)(1)–(2).  The report is

7  to contain the items set forth below.  Pursuant to Rule 16(c), the parties shall be

8  represented by counsel with authority to enter into stipulations regarding all

9  matters pertaining to conduct of the case.

10        The joint report to be submitted shall contain the items listed in Rule 26(f),

11  the parties' recommendations and agreements, if any, about the final scheduling

12  order as listed in Rule 16(b)(1) through (6), and those items listed in Rule 16(c)

13  which counsel believe will be useful to discuss at the Scheduling Conference.

14  Items which must be listed are the following:

15        (1)     a listing and proposed schedule of written
               discovery, depositions, and a proposed
16             discovery cut-off date;

17        (2)     a listing and proposed schedule of law and
               motion matters, and a proposed dispositive
18             motion cut-off date;

19        (3)     a statement of what efforts have been made
               to settle or resolve the case to date and what
20             settlement procedure is recommended
               pursuant to Local Rule 16-15.4 (specifically
21             excluding any statement of the terms
               discussed);

22        (4)     an estimated length of trial and a proposed

23

24        [1]   Unless there is a likelihood that upon motion by a party the Court would order that any
    or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively
25  before the Scheduling Conference required by Rule 16(b).  At the very least, the parties shall
    comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what
26  would be produced in the early stage of discovery, because at the Scheduling Conference the
27  Court will impose tight deadlines to complete discovery.

28                                                2

date  for the Final Pretrial Conference and for Trial;

(5)     a discussion of other parties likely to be added;

(6)     whether trial will be by jury or to the court;

(7)     any other issues affecting the status or management of the case; and

(8)     proposals regarding severance, bifurcation or other ordering of proof.

In addition, the Scheduling Conference Report shall contain the following:

(1)     a short synopsis of the principal issues in the case;

(2)     a statement of whether pleadings are likely to be amended;

(3)     a statement as to issues which any party believes  may be determined by motion.[2]

At the Scheduling Conference, the court will set a date for discovery cut-off,[3] a final date by which dispositive motions must be set for hearing, a Final Pretrial Conference date, and a trial date.

---

[2]   Where the Plaintiff's claim is predicated in whole or in part on denial of benefits under a plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000 *et seq*. (ERISA), the parties shall address the following additional issues in their Joint Report: (1) Standard of Review: What standard of review is applicable?  If the parties are in disagreement, they shall propose a schedule for early briefing and decision of this issue on Motion; and (2) Pre-emption: Is there any contention that any state-law claim asserted by Plaintiff is pre-empted by ERISA?  If so, the parties shall propose a schedule for early briefing and decision of the issue on Motion.

[3]   This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed.  Any motion challenging the adequacy of discovery responses must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.  The Court requires compliance with Local Rule 37-1 and 37-2 in the  preparation and filing of discovery motions.  Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an ex parte basis.

3

A continuance of the Scheduling Conference will be granted only for good cause.  (Counsel are informed that continuance of the Scheduling Conference causes commensurate delay in the trial date.)  **The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering a default, or the imposition of sanctions**.

A settlement procedure appropriate to the particular case will be used in every civil action pursuant to Local Rule 16-15.1.   In the Scheduling Conference Report, counsel are to recommend a specific settlement procedure provided for in Local Rule 16-15 which will be utilized in this case.  Available alternatives for consideration, not to the exclusion of others, include:

(1)    a settlement conference before the magistrate or district judge assigned to this case (Local Rule 16-15.4(1));

(2)    appearance before an attorney selected from the Attorney Settlement Officer Panel (Local Rule 16-15.4(2));

(3)    appearance before a retired judicial officer or  other private or non-profit dispute resolution body for non-judicial settlement or mediation proceedings (Local Rule 16-15.4(3));

(4)    such other settlement mechanism proposed by the  parties and approved by the court.

The report to the court as to the above items should be preceded by a thorough and frank discussion among the attorneys for the parties.  A Joint Scheduling Report which does not comply with Rule 16, Rule 26(f), and this Order may cause continuance of the Scheduling Conference and possible award of sanctions under Rule16(f) against the party or parties responsible.  **A conformed courtesy copy** of the Joint Report shall be delivered to the courtesy box on the 4th Floor, U.S. Courthouse, 350 w. 1st Street, **on the following business day**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motions shall be filed in accordance with Local Rule 7; the next available motion date can be found on the Court's motion calendar, which can be viewed on the Court's website.[4]  This Court hears motions on **Mondays, commencing at 1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**. Conformed courtesy copies of **opposition and reply papers** shall be delivered to the courtesy box on the 4th FLOOR of the U.S. Courthouse, 350 w. 1st Street, **by the following business day.  Courtesy copies shall not be blue-backed.** Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.

Counsel should take note of the changes to the Local Rules affecting motion practice in the Central District.  Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

**Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  **Typeface shall comply with Local Rule 11-3.1.1. NOTE: Times New Roman font must be used and the size must be no less than 14.**  Footnotes shall be in typeface no less than two sizes smaller than text size and shall be used sparingly.  Filings that do not conform to the Local Rules and this Order will not be considered.

---

[4]  All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cutoff date.

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

Counsel are reminded ex parte applications are solely for extraordinary relief. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Counsel for plaintiff shall immediately serve this Order on all parties who have not yet appeared in this matter, including any new parties later added to the action.

IT IS SO ORDERED.

DATED:   June 11, 2020

_____
Otis D. Wright II
United States District Judge