**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997; Fax: (760) 843-8155

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
Email: jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850; Fax: (760) 952-1085

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON KING,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF FONTANA; CHRIS TUSANT; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | *Honorable Otis D. Wright, II*<br>*Mag. Judge Shashi H. Kewalramani*<br><br>**PLAINTIFF DEVON KING'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S TATTOOS AND ALLEGED GANG AFFILIATION**<br><br>DATE:　September 12, 2022<br>TIME:　2:30 p.m.<br>CTRM:　5D<br><br>TRIAL:　October 4, 2022 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff DEVON KING ("Plaintiff" or "King") hereby move by way of this Motion in Limine No. 1 to Exclude any evidence, testimony, argument or reference to Plaintiff's alleged gang affiliation and any tattoos that are alleged to be related to his alleged gang affiliation. Plaintiff makes this motion under Federal Rules of Evidence 401, 402, 403, and 404.

**Local Rule 7-3 Statement of Compliance**

This motion is made following the initiation of conference of counsel pursuant to L.R. 7-3 on January 3, 2022 and subsequent discussions that took place on May 16, 2022, August 12, 2022 and August 19, 2022. The parties were unable to resolve the issues so as to avoid the need to bring this instant motion.

Respectfully submitted,

DATED: August 24, 2022        LAW OFFICES OF DALE K. GALIPO
                              LAW OFFICES OF JAMES S. TERRELL
                              LAW OFFICES OF SHARON J. BRUNNER


                              By_____/s/ Hang D. Le_____
                                  Dale K. Galipo
                                  James S. Terrell
                                  Sharon J. Brunner
                                  Hang D. Le
                                  Attorneys for Plaintiff Devon King

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises out of the officer-involved shooting of Plaintiff Devon King by City of Fontana police officer Chris Tusant on May 11, 2019. Plaintiff was shot while he was unarmed, running away, and had not turned towards Sergeant Tusant, looked over his shoulder at Sergeant Tusant, or made any threatening movement that would otherwise indicate he posed an immediate threat of death or serious bodily injury to Sergeant Tusant. Moreover, Sergeant Tusant had no knowledge of Plaintiff's background at the time of the shooting and did not have any specific knowledge that Plaintiff had committed a crime of violence or threatened violence or that Plaintiff had used a gun or intended to use a gun. Plaintiff also never verbally threatened Sergeant Tusant. Importantly, video from Sergeant Tusant's body worn camera, which captured the shooting, provides shows that Plaintiff was unarmed and running away with his back towards Sergeant Tusant when he was shot and had never made a turning motion or a threatening movement prior to or during the shots.

Plaintiff now brings federal and state law causes of action for: (1) Fourth Amendment – Excessive Force under 42 U.S.C. § 1983; (2) Negligence under California state law; (3) Battery under California state law; and (4) Violation of Civil Code § 52.1 (Bane Act).

Plaintiff seeks to exclude any evidence, testimony, argument or reference Plaintiff's alleged gang affiliation and any tattoos that are alleged to be related to his alleged gang affiliation., all of which were unknown to Tusant at the time of the shooting. Tusant did not have any specific information that Plaintiff was affiliated with any gang nor did he see any tattoos during their encounter that would lead him to believe Plaintiff was gang-affiliated. Accordingly, any evidence regarding Plaintiff's gang affiliation, including any alleged gang-affiliated tattoos, have no bearing on whether it was reasonable for Tusant to use deadly force against Plaintiff.

Even if this evidence had some minimal probative value, that value would be heavily outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time. Such evidence would also constitute impermissible character evidence.

## II.    ARGUMENT

### A. Evidence Regarding Plaintiff's Tattoos and Alleged Gang Affiliation is Irrelevant and Should Be Excluded Under Rules 401 and 402

Federal Rules of Evidence ("FRE"), Rule 401, defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. To be relevant, evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. Plaintiff submits that any evidence, argument, or references regarding Plaintiff's tattoos or gang affiliation would be irrelevant and speculative under FRE 401, 402, and should thus be excluded from all phases of the trial in this matter.

The key issues at trial will be whether Tusant used excessive and unreasonable force against Plaintiff when he shot him in the back of the legs as Plaintiff was running away, unarmed. The Plaintiff's tattoos and alleged gang activity or affiliation simply have no bearing on the foregoing issues. The fact that Plaintiff had tattoos, as well as speculation that he may have been affiliated with a gang, does not justify Tusant's conduct and does not make it any more or less probable that Tusant used excessive force against the Plaintiff. In *Estate of Diaz v. City of Anaheim* (9th Cir. 2016) 840 F.3d 592, the Ninth Circuit determined that "evidence of [the decedent's] drug use and gang affiliation has marginal, if any, probative value as to damages, and none as to liability" in an excessive force case where the shooting officer did not have knowledge of the decedent's gang membership but believed he was a gang member based on the area being "gang

territory," and had not observed any erratic behavior that was allegedly consistent with drug use. 840 F.3d at 597, 603. Here, Tusant did not have any specific knowledge that Plaintiff was allegedly affiliated with any gang. Further, Tusant does not claim to have shot Plaintiff because he had tattoos or because Tusant had information that he was in a gang. Accordingly, whether Plaintiff had tattoos or may have been affiliated with a gang did not factor into Tusant's decision to use excessive and unreasonable force against Plaintiff and is thus irrelevant to liability. This evidence also has no bearing on the Plaintiff's damages—there is no authority stating that a Plaintiff is any less deserving of a recovery where Plaintiff had tattoos or was allegedly affiliated with a gang.

Under *Graham v. Connor*, 490 U.S. 386, 397 (1989), "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Again, Tusant testified that he did not have specific information that Plaintiff was affiliated with any gang. Moreover, Tusant did not know who King was and did not have any specific information regarding whether Plaintiff had a prior criminal history or had been involved in a violent crime. Moreover, given the lighting conditions and the foot pursuit, Tusant does not claim to have seen any tattoos on Plaintiff that would have informed him of any alleged gang affiliation.

Moreover, evidence is irrelevant and is not admissible where it is meant merely to prejudice the Plaintiff or prove his guilt by association with unsavory characters. *United States v. Roark,* 924 F.2d 1426, 1434 (8th Cir. 1991) (finding error where the district court allowed testimony regarding gang's "institutional criminality"). Evidence of tattoos and gang affiliation is not relevant to support any claim that the Plaintiff was prone to violence or likely to assault a police officer. *See*, *e.g.*, *Lee v. Anderson*, 616 F.3d 803, 810 (8th Cir. 2010) (finding the relevance

of gang affiliation evidence "attenuated, and evidence of Fong Lee's gang membership was, at best, marginally probative of his motive in fleeing from the officers."); *U.S. v. Street*, 548 F.3d 618, 631-32 (8th Cir. 2008) (finding reversible error where witnesses was allowed to offer testimony concerning the "violent tendencies and criminal dispositions of gangs in general and of the Kansas City El Forasteros in particular…"); *Lopez*, *supra,* at *2 (excluding evidence of the decedent's alleged gang affiliation because the evidence was "marginal[ly] relevant, at best" to defense claim that the decedent violently resisted arrest).

### B. Evidence of Plaintiff's Tattoos and Alleged Gang Affiliation is Unduly Prejudicial and Should Be Excluded Under Rule 403

Alternatively, this evidence should be excluded under FRE 403. Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. Fed. R. Evid. 403. "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). As set forth above, there is no probative value to evidence regarding the Plaintiff's tattoos or alleged gang activity or affiliation. Any marginally probative value of Defendants' speculation about the Plaintiff's tattoos or alleged gang affiliation would be clearly outweighed by the danger of unfair prejudice and would also be a waste of time. Because of the "substantial risk of unfair prejudice attached to gang affiliation evidence," *U.S. v. Alviar*, 573 F.3d 526, 536 (7th Cir. 2009), as compared to its low probative value, courts have been reluctant to admit such evidence. The California Supreme Court has indicated its disdain for gang evidence in the absence of a gang enhancement allegation. *See People v. Hernandez*, 44 Cal. 4th 1040, 1049 (2004) ("In [criminal] cases not involving the gang enhancement, we have held that evidence of gang membership is potentially prejudicial and should not be admitted if its probative value is minimal."). The Ninth Circuit "has

recognized time and time again that gang evidence has the potential to be *particularly prejudicial.*" *Estate of Diaz*, 840 F.3d at 602 (emphasis added); *see Kennedy v. Lockyer* (9th Cir. 2004) 379, F.3d 1041, 1055 ("Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error."). In *Estate of Diaz,* the Ninth Circuit stated on appeal that information the district court admitted about decedent's gang membership during trial was "troubling" and remanded the case for a new trial properly excluding inflammatory evidence.

Accordingly, Plaintiffs respectfully request that this Honorable Court exclude evidence and argument regarding Plaintiff's tattoos and alleged gang activity or affiliation under FRE 403 in addition to or in the alternative to excluding this information under FRE 401, 402.

### C. Evidence of Plaintiff's Tattoos and Alleged Gang Affiliation Constitutes Impermissible Character Evidence Under Rule 404

Under FRE 404, evidence of Plaintiff's tattoos and alleged gang activity or affiliation cannot be used to prove that Plaintiff acted in some general "bad character" on the day in question. Rule 404(a) provides, "Evidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Plaintiff contends that any reference to Plaintiff's tattoos or alleged gang affiliation at trial would suggest an improper inference based on character evidence. In other words, the jury might infer from the fact that Plaintiff allegedly engaged in bad conduct on another occasion, Plaintiff gave Tusant probable cause to believe that he had committed a crime on the date in question or that he was an immediate threat of death or serious bodily injury. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."). Ninth Circuit case law is clear that "'Character evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993

F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element of the claim that Tusant used excessive force against Plaintiff. Because any gang-related evidence in this case, including photographs of or reference to Plaintiff's tattoos, would require an inference as to Plaintiff's character to make it relevant, it should be excluded from evidence at the time of trial.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order prohibiting Defendants from introducing evidence or presenting any arguments to the jury regarding Plaintiff's tattoos and alleged gang activity or affiliation, including any photographs of or reference to the Plaintiff's tattoos.

Respectfully submitted,

DATED: August 24, 2022        LAW OFFICES OF DALE K. GALIPO
                              LAW OFFICES OF JAMES S. TERRELL
                              LAW OFFICES OF SHARON J. BRUNNER


                              By_____/s/ Hang D. Le_____
                                   Dale K. Galipo
                                   James S. Terrell
                                   Sharon J. Brunner
                                   Hang D. Le
                                   Attorneys for Plaintiff Devon King